1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARL DEMONZE LOVE,                    No. 2:21-cv-0652-CKD P

12              Plaintiff,

13         v.                              ORDER

14    CDCR HEALTHCARE SERVICES, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).

20         Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                         1

## I.  Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.  Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the California Medical Facility.  Plaintiff alleges that over the course of eight months in 2020, Dr.

Alomoda and Nurse Burley, both named defendants in this action, were deliberately indifferent to his serious medical need for treatment for a broken hand or finger. Plaintiff generally alleges that there was a delay in operating on his hand, although he does not identify who was responsible for causing this delay. Plaintiff does allege that Dr. Alomoda cancelled his appointments and pain medication "numerous times." ECF No. 1 at 6-7. Following a surgery in which pins were placed in plaintiff's hand, Nurse Burley told plaintiff that "there was nothing to be done" when the "surgical pins became dislodged and was [sic] sticking out" of plaintiff's skin. ECF No. 1 at 3. Both defendants tried to remove plaintiff's stitches without giving him pain medicine. ECF No. 1 at 3.

By way of relief, plaintiff seeks compensatory damages for his constant pain and disability that caused severe limitations on his daily activities and functions. ECF No. 1 at 7-8.

### III.    Legal Standards

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**IV.     Analysis**

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted against either named defendant. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. With respect to the allegations against Dr. Alomoda, plaintiff does not identify what appointments he canceled or what pain medications were not authorized that caused further significant injury or the wanton infliction of pain. To the extent that plaintiff alleges that defendants committed

medical malpractice, this is not actionable in a civil rights lawsuit.  The mere delay in scheduling

plaintiff's surgery is not sufficient in and of itself to constitute an Eighth Amendment violation.

See Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).   For all

these reasons, plaintiff's complaint must be dismissed.  The court will, however, grant leave to

file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

is some affirmative link or connection between a defendant's actions and the claimed deprivation.

Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a

general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not

intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not

state any claim against the defendants because they are vague.  Your complaint is being

dismissed, but you are being given the chance to fix the problems identified in this screening

order.

1       Although you are not required to do so, you may file an amended complaint within 30

2 days from the date of this order.  If you choose to file an amended complaint, pay particular

3 attention to the legal standards identified in this order which may apply to your claims.

4       In accordance with the above, IT IS HEREBY ORDERED that:

5       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

6       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

7 shall be collected and paid in accordance with this court's order to the Director of the California

8 Department of Corrections and Rehabilitation filed concurrently herewith.

9       3.  Plaintiff's complaint is dismissed.

10       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

11 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

12 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

13 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

14 two copies of the amended complaint; failure to file an amended complaint in accordance with

15 this order will result in a recommendation that this action be dismissed.

16 Dated:  July 7, 2021

17                            CAROLYN K. DELANEY

18                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24 12/love0652.14.docx

25

26

27

28