1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL DEMONZE LOVE,                     No.  2:21-cv-0652 TLN CKD P

12              Plaintiff,

13        v.                                ORDER

14   CDCR HEALTH CARE SERVICES, et
     al.,
15
                Defendants.
16

17

18        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

19   Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel

     to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490
20
     U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to
21
     voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d
22
     1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
23
     When determining whether "exceptional circumstances" exist, the court must consider plaintiff's
24
     likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro
25
     se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970
26
     (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The
27
     burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances
28

                                              1

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 40) is denied without prejudice.

Dated:  January 27, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/love0652.31.new(2)

2