UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DEMONZE LOVE,<br><br>  Plaintiff,<br><br>  v.<br><br>CDCR HEALTH CARE SERVICES, et al.,<br><br>  Defendants. | No. 2:21-cv-0652 DJC CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On December 9, 2021, the court screened plaintiff's amended complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found that plaintiff could proceed on claims for inadequate medical care arising under the Eighth Amendment against defendants Dr. Alomoda[1] and Nurse Burley. The court ordered service of process on those defendants (ECF No. 13) and answers were filed by Burley (ECF No. 23) and Alamutu (ECF No. 33). Defendants Alamutu and Burley (defendants) now move for summary judgment. ECF No. 46.

/////

---

[1] Defendant Alamutu is identified as "Dr. Alomoda" in the First Amended Complaint but was subsequently identified as Nurse Practitioner O. Alamutu.

1

I. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not

establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

II. Plaintiff's Allegations

In his amended complaint (ECF No. 11), signed under the penalty of perjury, plaintiff alleges as follows:

1. Defendant Alamutu

Defendant Alamutu knew plaintiff had a broken bone in his right thumb[2] after viewing x-rays and failed to provide plaintiff with any care for the broken bone.  Attending physician Dr. Dobak requested that plaintiff have surgery, but Alamutu denied the request.

Other than approve the request for surgery, plaintiff does not suggest specifically what action Alamutu should have taken.

---

[2] In the amended complaint, plaintiff asserts he had broken bones in his hand.  However, other parts of the record establish that plaintiff had a broken bone in his right thumb and plaintiff does not dispute this.

2. Defendant Burley

Defendant Burley was also aware of plaintiff's broken bone, but, despite numerous requests for medical aid, indicated there was nothing she could do except provide plaintiff with a makeshift cardboard splint instead of a "medical splint." Plaintiff alleges that Burley should have provided him with a "medical splint," but does not suggest any other action Burley should have taken.

III. Medical Care Under the Eighth Amendment

A violation of the Eighth Amendment occurs if denial or delay of medical care amounts to at least deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096. Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

IV. Argument and Analysis

Defendants argue that there is no genuine issue of material fact that Alamutu or Burley were at least deliberately indifferent to plaintiff's broken bone in his right thumb.

4

A. <u>Nurse Practitioner Alamutu</u>

In her declaration in support of defendants' motion to for summary judgment (ECF No. 46-6), Nurse Practitioner Alamutu avers:

1. She met with plaintiff on February 18, 2020, at the California Medical Facility (CMF) for complaints about right thumb pain and noted swelling around the base of plaintiff's right thumb. She ordered immediate x-rays and a cold compress.

2. X-rays revealed a broken bone in plaintiff's thumb and soft tissue swelling. No significant degenerative changes were noted. As a result, Alamutu ordered "an urgent orthopedic surgery consultation and a splint for [plaintiff's] right thumb, Tylenol 3,[3] Ibuprofen, Vistaril,[4] a cold compress for use four times a day." The surgery consult was scheduled for March 19, 2020.

3. On March 19, 2020, Alamutu was informed by the Chief Physician and Surgeon at CMF that, due to COVID 19, plaintiff's surgery consult would be cancelled and rescheduled for a later date. Alamutu was instructed to inform plaintiff of the decision which she did on March 20, 2020.

4. Dr. Drowbak ultimately performed surgery on plaintiff's thumb on May 26, 2020.

Evidence provided by defendants indicates that the delay of plaintiff's surgery was not caused by Alamutu, and that Alamutu provided appropriate treatment as needed. Considering the specific nature of the evidence provided, and the fact that plaintiff's assertions in his amended complaint are general and often vague, defendants have met their initial burden of establishing that there is no genuine issue of material fact as to whether Alamutu was at least deliberately indifferent to the broken bone in plaintiff's right thumb. See <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.") (Emphasis in original).

Plaintiff presents no argument in his opposition. Instead, plaintiff objects to the

---

[3] Tylenol 3 includes a combination of acetaminophen and codeine.

[4] Vistaril is prescribed for anxiety and tension.

5

characterization of certain facts by defendants as undisputed. But plaintiff does not point to any specific admissible evidence in support of his positions. With the lone exception described below, the objections themselves are not evidence as the objections are not in affidavit form nor signed under the penalty of perjury. While plaintiff attached exhibits to his opposition, the exhibits concern the removal of stiches and pins from plaintiff's thumb post-surgery. Plaintiff does not make any allegations in his complaint about post-surgical care or the removal of pins or stitches,[5] so any evidence concerning that care is not relevant to the claims that remain.

Since the evidence before the court fails to establish a genuine issue of material fact as to whether defendant Alamutu was at least deliberately indifferent to the broken bone in plaintiff's right thumb, Alamutu is entitled to summary judgment.

B. Nurse Burley

In her affidavit, Nurse Burley indicates she met with plaintiff concerning his thumb pain three times.

1. On February 24, 2020, Burley examined plaintiff and noted that he had stable vital signs, no swelling near his right thumb, and "cap refill."[6] Plaintiff was prescribed Ibuprofen and Tylenol 3.

2. On March 16, 2020, plaintiff arrived in the nurse station complaining that his hand hurt. Burley examined the hand and noted that the skin was intact and there were no signs of a compound fracture. Having been informed that plaintiff had been doing push-ups, Burley advised plaintiff that exercising using his right hand could prevent healing of the broken thumb and cause further injury.

---

[5] In his original complaint, plaintiff included allegations concerning post-operative care. ECF No. 1 at 3. On July 7, 2021, the court screened plaintiff's original complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court found the original complaint failed to state a claim upon which relief could be granted, granted leave to file an amended complaint, and provided plaintiff with guidance as to the contents of his amended complaint. However, in the amended complaint plaintiff makes no allegations concerning post-operative care.

[6] "Cap refill" refers to capillary refill, a test to determine blood flow in fingers; pressure is applied and then released with the health care professional taking note of how long it takes blood to return to the area where pressure was applied.

1        3. On March 27, 2020, Burley noted that plaintiff received a new spica thumb splint and his Tylenol 3 prescription was changed to Salsalate.[7]

Burley does not indicate whether she ever gave plaintiff any kind of splint, nor that she was directed to provide one. In his opposition, plaintiff admits it was not defendant Burley who gave plaintiff a cardboard splint, but another nurse identified as Nurse Encina. ECF No. 48 at 9. While plaintiff's statements in his opposition are generally not admissible because they are not in affidavit form nor signed under the penalty of perjury, the admission that it was not Burley who gave plaintiff the cardboard splint is admissible as an admission against interest under Fed. R. Evid. 801(d)(2). Along with these facts, the court notes that defendant Burley is not a physician and nothing in the record suggests she was qualified or authorized to make any meaningful decisions regarding treatment. Further, there is no evidence that Burley ever denied plaintiff access to a physician.

As with defendant Alamutu, the evidence provided by defendants indicates that Burley was never at least deliberately indifferent to plaintiff's broken thumb. Considering this in conjunction with the fact that, as with defendant Alamutu, plaintiff's assertions in his amended complaint concerning Burley's alleged indifference are general and vague in nature defendants have met their initial burden that, under evidence, there is no genuine issue of material fact that defendant Burley was at least deliberately indifferent to plaintiff's broken bone in his thumb.

As to both defendants, plaintiff's opposition to defendants' motion for summary judgment provides no argument. Further, while plaintiff objects to the characterization of certain facts by defendants as undisputed, he does not point to any specific admissible evidence in support of his positions. Finally, the exhibits he provided are not relevant to his remaining claims.

Therefore, the evidence before the court fails to establish a genuine issue of material fact as to whether defendant Burley was at least deliberately indifferent to the broken bone in plaintiff's right thumb. Accordingly, Burley is entitled to summary judgment.

/////

---

[7] Sasalate is an anti-inflammatory medication.

7

V. <u>Conclusion</u>

Because there is no genuine issue of material fact as to whether defendants Alamutu or Burley were at least deliberately indifferent to the broken bone in plaintiff's thumb in violation of the Eighth Amendment, they are entitled to summary judgment. Furthermore, because the facts, taken in the light most favorable to the plaintiff, do not demonstrate that defendants' conduct violated a statutory or constitutional right clearly established at the time of defendants' conduct, defendants are entitled to immunity under the qualified immunity doctrine. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment (ECF No. 46) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/love0652.msj